# FOR THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANOVER PREST-PAVING CO., t/a HANOVER ARCHITECTURAL PRODUCTS,<br><br>Plaintiff,<br><br>v.<br><br>STATEN ISLAND BUILDING PRODUCTS DIST. INC.,<br><br>and<br><br>PLASTIC FORWARD LLC<br><br>and<br><br>WISE GUYS DISTRIBUTORS, INC.<br><br>Defendants. | CIVIL ACTION:<br>No. 1:21-cv-01672- CCC |

## WISE GUYS DISTRIBUTORS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

James Klobucar, Esq.
Gearhart Law LLC
41 River Road
Summit, NJ  07901
908-273-0700
*Attorneys for Defendant*
*Wise Guys Distributors, Inc.*

i

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...............................................................................4

PROCEDURAL HISTORY......................................................................................4

QUESTION PRESENTED........................................................................................4

FACTUAL BACKGROUND....................................................................................5

ARGUMENT .............................................................................................................7

    I.    Plaintiff Fails To State A Claim As to Wise Guys ...............................8

    II.    The Court Lacks Personal Jurisdiction Over Wise Guys....................10

        A. The Court Does Not Have General Jurisdiction
           Over Wise Guys .............................................................................10

        B. The Court Does Not Have Specific Jurisdiction
           Over Wise Guys ............................................................................12

        C. The Court's Exercise of Personal Jurisdiction Over Wise Guys
           Would Not Satisfy Due Process Requirements .............................15

# **TABLE OF AUTHORITIES**

**Cases**

*Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty.*,
  480 U.S. 102, 112 (1987) .......................................................................... 16, 17

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................. 7, 8, 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................... 7, 8, 10, 15

*Council for Educational Travel, USA v. Czopek*,
  Civ No. 1:11-CV-00672 (M.D. Pa. Sep. 2, 2011) ............................................. 9

*Credico v. Obama,* Civil Action No. 10-cv-3456 (E.D. Pa. Dec. 19, 2011) ............. 8

*Cupp v. Cnty. of Lycoming,* Civil Action 3:20-cv-001784
  (M.D. Pa. Sep. 30, 2021) ................................................................................ 10

*Efford v. Jockey Club*, 796 A.2d 370 (Pa. Super. 2002) .......................................... 16

*Esser v. Weller*, 467 F.2d 949 (3d Cir. 1972) ........................................................... 9

*Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009) ............................... 7

*Gaboury v. Gaboury,* 988 A.2d 672, 675 (P.A. Super. 2009) ................................ 10

*Gupta ex rel. Sonim Techs Inc. v. Wilkinson*, 594 F.Supp. 3d 606 (D. Del. 2022) ... 7

*Hannah v. Kaminsky*, Civ Act 21-9615 (D.N.J. July 8, 2021) .................................. 7

*Hanson v. Denckla*, 357 U.S. 235 (1958) ............................................................... 12

*Int'l Shoe Co. v. Washington*, 326 U.S. 301 (1945) ............................................... 15

*Javaid v. Weiss*, Civil No. 4:11-CV-1084 (M.D. Pa. Dec. 19, 2011) ....................... 9

*Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290 (3d Cir. 1985) .......................... 18

*Mellon Bank (East) PSFS, National Ass'n v. Farino*,
   960 F.2d 1217 (3d Cir. 1992)..................................................................16

*Metcalf v. Renaissance Marine, Inc.,* 566 F.3d 324 (3d Cir. 2009) ..........................8

*Papasan v. Allain*, 478 U.S. 265 (1986) ................................................................7, 8

*Patterson v. F.B.I.,* 893 F.2d 595 (3d Cir. 1990).......................................................14

*Pension Benefit v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993) .......7

*Schiavone v. Aveta*, 2012 Pa. Super. 68 (Pa. Super. Ct. 2012)......................... 12, 13

*Stransky v. PennyMac Holdings, LLC,* Civil Action No. 18-15929
   (D.N.J. Sep. 30, 2019)....................................................................................10

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.*,
   952 F. Supp. 1119 (W.D. Pa. 1997).......................................................... 16, 18

## Statutes

35 U.S.C. §284.................................................................................................6

42 Pa.C.S. §5322..............................................................................................10

42 Pa.C.S.A. §5322(a)(3)................................................................................13

## Rules

Fed. R. Civ. P. Rule 8 .................................................................................. 8, 9, 10

Fed. R. Civ. P. 12(b)(2)................................................................................ 4, 8, 14

Fed. R. Civ. P. 12(b)(6)................................................................................... 4, 7, 8

Defendant Wise Guys Distributors, Inc. ("Wise Guys"), by and through its undersigned counsel, respectfully moves for dismissal with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) of Plaintiff Hanover Prest Paving Co., t/a Hanover Architectural Products ("Plaintiff") Amended Complaint filed on February 10, 2023 (the "Complaint").

Preliminary Statement:  This purported patent infringement case appears to be nothing more than a misguided attempt by Plaintiff to intimidate a non-resident business against whom Plaintiff alleges produced, marketed, and sold an infringing product in the United States.  Plaintiff's Complaint against Wise Guys fails and should be dismissed for failure to state a claim upon which relief can be granted as to Wise Guys.

Procedural History: Plaintiff amended its initial complaint in February 2023 to add Wise Guys as a defendant but then failed to allege any facts specific to Wise Guys other than baseless conclusory allegations of producing, marketing, advertising, and selling infringing product; indeed, the substantive facts in Plaintiff's Complaint are nearly identical to those in Plaintiff's initial complaint.

Questions Presented: Whether this Court can exercise subject matter jurisdiction over Wise Guys and whether exercising jurisdiction is permissible under the Due Process Clause of the United States Constitution.

Plaintiff's Complaint does nothing more than reference Wise Guy's

corporate form, and alleged office location, and a letter that Plaintiff mailed to Wise Guys in 2022. Plaintiff's lack of specific factual reference to Wise Guys throughout the Complaint is baffling and fails to put Wise Guys on notice of the claims alleged against it. In addition, Plaintiff has not met its prima facie burden of establishing that this Court has personal jurisdiction over Wise Guys, who, as Plaintiff concedes, is based in and maintains its principal place of business in New York. As detailed below, there is no basis for jurisdiction over Wise Guys because it does not maintain sufficient contacts with Pennsylvania and has not committed any torts within Pennsylvania. Requiring Wise Guys to litigate in this Court would be burdensome and unfair, offending due process requirements.

## FACTUAL BACKGROUND

Plaintiff alleges that Defendant Staten Island Building Products Dist. Inc. (not Wise Guys) infringed on Plaintiff's patent by manufacturing and selling products, "namely a paver pedestal system with Paver Pedestal HT and Paver Pedestal LT" (the "Infringing Product"). *See, e.g.*, Cmpl. ¶16. Notably, Plaintiff does not allege any specific facts that would put Wise Guys on notice that it infringed Plaintiff's Patent; indeed, not one of Plaintiff's substantive allegations directed towards Wise Guys addresses activity outside of the State of New York, except to a mere handful of references to the conduct of the collective "Defendants" (which, as discussed below, is not enough to satisfy the basic

5

pleading requirements articulated by the Supreme Court). In the paragraphs that specifically reference Wise Guys, Plaintiff alleges that Wise Guys is a distributor in the United States but fails to identify any conduct within the jurisdiction of this Court. Wise Guys is a domestic business corporation organized under the laws of the State of New York and has, at all times, maintained an office in Staten Island, New York. See Cmpl. ¶6. Plaintiff premises its tenuous jurisdiction claim on the allegation that Wise Guys "is a distributor for the Infringing Product and has bought and sold the Infringing Product within the United States" ¶6, and "sell[s] the Infringing Product…" ¶27 and its actions continue to be "willful under 35 U.S.C. §284…" ¶37. However, aside from these conclusory assertions, Plaintiff fails to include any facts alleging that Wise Guys regularly transacts business in the Middle District of Pennsylvania, or the Commonwealth of Pennsylvania. Plaintiff does not plead any harm that has occurred specifically by Wise Guys within this judicial district or how Plaintiff has been harmed by Wise Guys, except in general conclusory statements. *See e.g.* Complaint. Moreover, in an attempt to connect Wise Guys to other Defendants, Plaintiff makes conclusory allegations that "Defendant' unlawful conduct complained of herein has caused, and continues to cause, injury to Hanover within Pennsylvania and this District." ¶10. To bolster this unfounded assertion, Plaintiff carelessly refers to (but does not attach to the Complaint) a March 2022 letter that Plaintiff sent to Wise Guys. ¶29.

ARGUMENT

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But well-pleaded "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and even though courts are generally required on a motion to dismiss to accept a complaint's factual allegations as true, "[courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation,'" *See Hannah v. Kaminsky*, Civ Act 21-9615 (D.N.J. July 8, 2021); *Gupta ex rel. Sonim Techs Inc. v. Wilkinson*, 594 F.Supp. 3d 606 (D. Del. 2022) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009).

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the Court may consider materials outside of the pleadings, including accompanying affidavits, declarations, and other written materials. *Pension Benefit v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Plaintiff bears the burden of establishing prima facie showing of jurisdiction over the

defendant. *Metcalf v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving that jurisdiction. *Id.* As with a Rule 12(b)(6) motion, while the Court should construe the pleadings and affidavits in the light most favorable to plaintiff, the plaintiff has an 'obligation' to provide more than "labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The Court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Plaintiff's Complaint is subject to the heightened pleading standard set forth in *Iqbal,* 556 U.S. at 678-679 (quoting *Twombly*, 550 U.S. at 555). In the instant case, Plaintiff's Complaint fails under both Rule 12(b)(6) and Rule 12(b)(2).

## I.  PLAINTIFF FAILS TO STATE A CLAIM AS TO WISE GUYS

The Court should dismiss this Complaint in its entirety with prejudice as against Wise Guys because Plaintiff fails to plead any substantive allegations against Wise Guys, let alone allegations sufficient to state a plausible claim. Fed. R. Civ. P. 12(b)(6). While detailed factual allegations are not required, the pleading standard as set forth in Fed. R. Civ. P. Rule 8 demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. *See Credico v. Obama,* Civil Action No. 10-cv-3456 (E.D. Pa. Dec. 19, 2011) (quoting *Iqbal,*

8

556 U.S. at 678). Plaintiff's threadbare conclusory recitals do not even make the "unadorned" accusations referenced in *Iqbal*; rather, Plaintiff's Complaint is completely devoid of any facts supporting its claims against Wise Guys. In fact, Plaintiff only specifically mentions Wise Guys in four out of the thirty-nine paragraphs of the Complaint, and merely provides conclusory background information about Wise Guys. *See* Cmpl. ¶6, 17, 29, 32. The complete absence of any facts that would give Wise Guys notice as to the claims alleged against it – let alone any facts that would support the necessary elements of a patent infringement claim against Wise Guys – warrant dismissal of this action. *See, e.g., Javaid v. Weiss*, Civil No. 4:11-CV-1084 (M.D. Pa. Dec. 19, 2011) (dismissing complaint that contained conclusory and broad statements devoid of any factual detail); *Esser v. Weller*, 467 F.2d 949 (3d Cir. 1972); *Council for Educational Travel, USA v. Czopek*, Civ No. 1:11-CV-00672 (M.D. Pa. Sep. 2, 2011) (concluding the complaint was 'merely a string of conclusory statements devoid of any factual basis"). It is unclear why Plaintiff even bothered to amend the Complaint to add Wise Guys.

Additionally, to the extent Plaintiff relies on collective references to "Defendants" to try to fold Wise Guys into allegations against the other Defendants, Plaintiff's strategy is meritless. *See* Cmpl. ¶¶ 21, 23, 25, 27, 29, 30, 32-34, 36-38. Federal Rule 8(a) is violated by such "group pleading," which

9

inherently fails to give each defendant fair notice of the claims against it. *See Stransky v. PennyMac Holdings, LLC,* Civil Action No. 18-15929 (D.N.J. Sep. 30, 2019) (dismissing complaint because group-pleading method of collectively referring to individual defendants does not place Defendants on notice of the claims against each of them and did not satisfy the fair notice requirement of Rule 8); *Cupp v. Cnty. of Lycoming,* Civil Action 3:20-cv-001784 (M.D. Pa. Sep. 30, 2021); *see also Twombly*, 550 U.S. at 570.

## II. THE COURT LACKS PERSONAL JURISDICTION OVER WISE GUYS

The Court should dismiss the Complaint because this Court does not have either general or specific personal jurisdiction over Wise Guys, a corporation organized under New York laws, which Plaintiff admits has its principal place of business in New York. *See* Cmpl. ¶ 6.

A. The Court Does Not Have General Jurisdiction Over Wise Guys

Section 5322(a) of the Pennsylvania Long-Arm Statute identifies contact with Pennsylvania deemed sufficient to warrant the exercise of jurisdiction over foreign defendants. *Gaboury v. Gaboury,* 988 A.2d 672, 675 (P.A. Super. 2009); 42 Pa.C.S. §5322. Here, Plaintiff specifically pleads that Wise Guys "is a New York Corporation with a principal place of business at 72 Stephen Loop, Staten Island, NY 10314." Cmpl. ¶6; *see also* Declaration of Antoinette Burgio ("Burgio Dec.") ¶4. This admission is sufficient to defeat a finding of general

10

personal jurisdiction. Plaintiff's other vague allegations about Wise Guy's supposed presence in Pennsylvania (puzzlingly a reference to a letter Plaintiff mailed to it in March 2022) are insufficient to establish general jurisdiction. Plaintiff claims that Wise Guys "is a distributor for the Infringing Product and has bought and sold the Infringing Product within the United States" (Cmpl. ¶17), but even if it were true that this New York corporation was a distributor within the United States, the allegation establishes no systematic presence in Pennsylvania. Plaintiff further states, in conclusory fashion, that "Defendants [] conduct…has caused, and continues to cause, injury to Hanover within Pennsylvania and this District" and "because a substantial part of the events giving rise to the claims occurred in this District" (Cmpl ¶¶10-11) but Plaintiff still fails to allege that Wise Guy has any affiliations with Pennsylvania that are so continuous and systematic as to render it at home in Pennsylvania.

Wise Guys does not have a designated registered agent in Pennsylvania and nothing in Plaintiff's factual allegations or proffers support a finding of Wise Guy's presence or level of extensive connections to Pennsylvania to meet personal jurisdiction requirements. Moreover, Plaintiff's use of group-pleading is improper, and it cannot use such a tactic to impute the contacts of Wise Guys to establish jurisdiction over Wise Guys. For the avoidance of doubt, Wise Guys did not conduct itself in a manner such that it should be subjected to the forum

state's laws and regulations. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (defendant should reasonably anticipate out-of-state litigation where it "purposefully avails itself of the privileges of conducting activities within the forum State"). Wise Guys did not transact or solicit any business or perform any services in Pennsylvania; Wise Guys did not avail itself of the privileges and benefits of Pennsylvania law necessary to assert jurisdiction under Pennsylvania statutes; further, it cannot be shown that Wise Guys is 'at home' in Pennsylvania such that the strict mandates of due process would be satisfied. *See Schiavone v. Aveta*, 2012 Pa. Super. 68 (Pa. Super. Ct. 2012).

Wise Guys does not have any business operations (ongoing or at any time) in Pennsylvania, and does not have any Pennsylvania-based employees, bank accounts, or property. *See* Burgio Decl. ¶5,6,10. Wise Guy's principal place of business in New York (Cmpl. ¶6) is the only location where Wise Guys has operated. *See* Burgio Decl. ¶4,6,9,10. Wise Guys has no other offices in any part of the United States and none of Wise Guy's functions are provided in or through Pennsylvania. *See* Burgio Decl. ¶4,6-8,10. There is simply no jurisdiction over Wise Guys in Pennsylvania.

B. The Court Does Not Have Specific Jurisdiction Over Wise Guys

There is also no basis for the Court to exercise specific personal jurisdiction over Wise Guys. Plaintiff does not articulate a theory of specific jurisdiction

12

under a particular section of Pennsylvania's long-arm statute. Rather, Plaintiff states in a conclusory fashion that this Court has specific jurisdiction over "Defendants" because they "conduct substantial business in Pennsylvania" and advertise and sell products in Pennsylvania. Cmpl. ¶ 8-9. Based on this generic statement, Wise Guys assumes Plaintiff is alleging grounds for specific jurisdiction under Section 5322 of Pennsylvania's long-arm statute, against an entity who acts directly or by an agent, "as to a cause of action or other matter arising from such person and causing harm or tortious injury by an act or omission in this Commonwealth…" *See Schiavone* (citing 42 Pa.C.S.A. §5322(a)(3)). This does not establish personal jurisdiction over Wise Guys.

Wise Guys does not conduct any relevant business in The Commonwealth of Pennsylvania. To determine the existence of jurisdiction, a court must decide whether Wise Guys transacts any business in Pennsylvania and, if so, whether this cause of action arises from such a business transaction. Plaintiff did not allege facts sufficient to support a finding of specific jurisdiction over Wise Guys. As a threshold matter, the Complaint on its face lacks any specific allegations that Wise Guys transacted business in Pennsylvania. As noted, Plaintiff merely states, collectively, that Defendants "conduct substantial business in Pennsylvania" and advertise and sell products in Pennsylvania. Cmpl. ¶8-9. Such a broad generalization not specific to Wise Guys is

13

insufficient to establish jurisdiction. *See, e.g.*, *Patterson v. F.B.I.,* 893 F.2d 595, 603-04 (3d Cir. 1990) ([a]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction." Plaintiff's use of a reference to a March 2022 letter that it mailed to Wise Guys as sole proof to infer that Wise Guys has business activities in Pennsylvania does nothing to move the needle. On this basis alone, the Court should decline to exercise specific jurisdiction over Wise Guys since Plaintiff's Complaint contains merely conclusory allegations that are devoid of any facts concerning Wise Guy's alleged or actual business transactions in Pennsylvania.

In addition, Plaintiff has not articulated any facts to suggest that Wise Guys transacted business in Pennsylvania and cannot show any articulable nexus between Wise Guy's business transactions in Pennsylvania and Plaintiff's claims asserted in this action, and so fails to establish jurisdiction. All Plaintiff alleges is that Wise Guy "is a distributor for the Infringing Product and has bought and sold the Infringing Product within the United States" (Cmpl ¶17) but articulates no connection between Pennsylvania and Wise Guy's alleged business activities and the patent infringement claims alleged in the Complaint.

Plaintiff does not allege that Wise Guys has a physical presence in Pennsylvania. *See generally* Cmpl. A defendant's physical presence in

Pennsylvania is a prerequisite to jurisdiction. Because Wise Guys does not have a physical presence in Pennsylvania – and it never has (*see* Burgio Decl. ¶ 6), let alone one related to the claims at issue, the Court cannot exercise specific jurisdiction over Wise Guys. Further, Plaintiff's collective non-specific allegation that "Defendants chose to produce, manufacture, advertise, and sell the Infringing Product" is insufficient, as it relies on group pleading and contains no specific allegations of tortious conduct, only threadbare, naked, conclusory statements against Wise Guys and Pennsylvania. *See e.g. Twombly* at 555. Accordingly, this Court should find that it does not have personal jurisdiction over Wise Guys.

    C. <u>The Court's Exercise of Personal Jurisdiction Over Wise Guys Would Not Satisfy Due Process Requirements</u>

The Court must be satisfied that there are sufficient "minimum contacts" between a defendant and a given forum to ensure that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 301, 316 (1945). Plaintiff will not be able to meet its burden of demonstrating that this Court's exercise of personal jurisdiction over Wise Guys would satisfy Constitutional due process. The due process analysis requires a two-step inquiry: first, the court must determine whether the defendant "has sufficient minimum contacts with the forum state" to justify the court's exercise of personal jurisdiction, and whether the assertion of personal jurisdiction is reasonable under the circumstances of the particular

15

case. *See* e.g. *Mellon Bank (East) PSFS, National Ass'n v. Farino*, 960 F.2d 1217 (3d Cir. 1992). Courts in this Circuit have established a sliding scale test; the stronger a plaintiff's showing of minimum contacts, the more compelling the defendant's showing must be that the exercise of jurisdiction would be unreasonable. *See Efford v. Jockey Club*, 796 A.2d 370, 374 (Pa. Super. 2002) *quoting* e.g. *Zippo Mfg. Co. v. Zippo Dot Com, Inc*., 952 F. Supp. 1119 (W.D. Pa. 1997). Plaintiff cannot show that Wise Guys has any minimum contacts with Pennsylvania therefore proportionally decreasing the burden on Wise Guys to show that the exercise of jurisdiction would be unreasonable.

Wise Guys does not have sufficient minimum contacts with Pennsylvania. As discussed above, Plaintiff's Complaint fails to identify any connection between Wise Guys and Pennsylvania and does not purport to identify any basis upon which Plaintiff could argue that Wise Guys purposefully availed itself in the forum. *See generally* Cmpl. The complete absence of minimum contacts precludes this Court from exercising jurisdiction. For this reason, Plaintiff cannot meet its burden of establishing that Wise Guys has sufficient minimum contacts with Pennsylvania, such that the Court's exercise of jurisdiction would not offend due process. *See Asahi Metal Indus. Co. v. Superior Ct. of California, Solano Cty*., 480 U.S. 102, 112 (1987) (the placement of a product in the stream of commerce, without more, is not an act [] purposefully directed toward the

forum state to establish minimum contacts in the forum state).

The Court's exercise of jurisdiction over Wise Guys would be unreasonable. The interests of the forum state in adjudicating the case do not outweigh the burden that the exercise of jurisdiction will impose on Wise Guys; and Plaintiff's interest in obtaining convenient and effective relief does not outweigh the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and does nothing to further the shared interest of the states in advancing substantive social policies. *See Asahi* at 113–14. Here, the burden on Wise Guys, which is wholly based in New York, would be unreasonably high, given that this nonresident defendant does not have any connection to Pennsylvania and would not expect to be hauled into court here, and all relevant witnesses and documents (if any) would be located in New York. *See* Burgio Decl. ¶11.

While Plaintiff may have an "interest in obtaining relief in its home state," that factor is insufficient to "tip the scales" in support of finding personal jurisdiction over Wise Guys, especially where, as here, Plaintiff has not alleged any specific contact between Wise Guys and Pennsylvania. Further, Plaintiff will be hard pressed to identify any substantive social policy supporting litigation in this District. Even if Wise Guys had ever had some expectation of being sued in Pennsylvania, foreseeability alone has never been a sufficient

17

benchmark for personal jurisdiction under the Due Process Clause. *See Max Daetwyler Corp. v. R. Meyer*, 762 F.2d 290 (3d Cir. 1985) (lack of jurisdiction in the absence of some indicia of purposeful affiliation with the forum state).

As noted above, these factors operate on a sliding scale where the weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction. *See e.g. Zippo*, 952 F. Supp. at 1124. On balance, it would be unreasonable for the Court to exercise jurisdiction over Wise Guys as a matter of due process.

## CONCLUSION

Accordingly, Wise Guys respectfully requests that the Court grant its motion and dismiss the Complaint in its entirety with prejudice as against Defendant Wise Guys.

Dated: April 5, 2023

Respectfully submitted,

Gearhart Law LLC
James Klobucar, Esq.
41 River Road
Summit, NJ 07901
Tel: (908) 273-0700
Fax: (908) 273 0711
james@gearhartlaw.com
*Attorneys for Defendant Wise Guys Distributors Inc.*

## Word Certificate

I, James Klobucar, Esq., counsel for Defendant Wise Guys Distributors Inc. certify pursuant to LR 7.8(b)(2) of the Local Rules for the United States District Court for the Middle District of Pennsylvania that this Brief contains 3,970 words.

Dated: April 5, 2023

James Klobucar, Esq.
Gearhart Law LLC
41 River Road
Summit, NJ 07901
Tel: (908) 273-0700
Fax: (908) 273 0711
james@gearhartlaw.com
*Attorneys for Defendant Wise Guys Distributors Inc.*