UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HANOVER PREST-PAVING CO., | |
| Plaintiff, | CIVIL ACTION NO. 1:21-CV-01672 |
| v. | (MEHALCHICK, J.) |
| STATEN ISLAND BUILDING PRODUCTS DIST. INC., et al., | |
| Defendants. | |

**MEMORANDUM**

This action was commenced upon the filing of a complaint by Plaintiff Hanover Prest-Paving Company, trading as Hanover Architectural Products ("Hanover") on September 28, 2021. (Doc. 1). On February 10, 2023, Hanover filed the operative amended complaint alleging patent infringement under 35 U.S.C. § 271 against Staten Island Building Products Distributors Inc., Plastic Forward LLC, and Wise Guys Distributors Inc. ("Wise Guys"). (Doc. 52). Before the Court is a motion to dismiss Hanover's amended complaint filed by Wise Guys on April 6, 2023. (Doc. 59). For the following reasons, Wise Guys' motion will be **GRANTED**.

I. **PROCEDURAL AND FACTUAL BACKGROUND**

The following relevant factual summary is taken from Hanover's amended complaint. (Doc. 52). Hanover is a fifty-year-old manufacturer of quality concrete unit paving products. (Doc. 52, ¶ 12). Hanover designed and developed a unique paver pedestal assembly system that allows paving pedestals to be stacked. (Doc. 52, ¶ 13). This system is patented under U.S. Patent No. 7,386,955/7,386,955 Cl (the "Hanover Patent"). (Doc. 52, ¶ 13). According to Hanover, Matrix Pedestals recently began to manufacture and sell a paver pedestal system

that infringes on the Hanover Product ("Infringing Product"). (Doc. 52, ¶ 16). Wise Guys is a distributor for the Infringing Product. (Doc. 52, ¶ 17). Wise Guys was notified of the Hanover Patent and the Infringing Product in March 2022 by Hanover's counsel. (Doc. 52, ¶ 29). According to Hanover, despite demands that it stop, Wise Guys continues to willfully infringe by distributing the Infringing Product. (Doc. 52, ¶ 32).

Hanover alleges One Count of Patent Infringement against all Defendants, including Wise Guys. (Doc. 52, ¶¶ 35-39). As relief, Hanover seeks a permanent injunction enjoining and restraining Wise Guy from manufacturing, producing, advertising, or selling the Infringing Product. (Doc. 52, ¶ A).

On April 5, 2023, Wise Guy filed the instant motion to dismiss for lack of jurisdiction and failure to state a claim.[1] (Doc. 59). On April 6, 2023, Wise Guys filed a brief in support of its motion. (Doc. 60). On June 12, 2023, by Order of the Court, Hanover filed a brief in opposition to Wise Guys' motion. (Doc. 61; Doc. 62). On June 27, 2023, Wise Guys filed a reply brief. (Doc. 63). Accordingly, the motion is fully brief and ripe for discussion.

**II.   MOTION TO DISMISS STANDARDS**

   A.   FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6)

Rule 12(b)(6) authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a

---

[1] Whereas this document is docketed as "MOTION to Dismiss for Lack of Jurisdiction by Staten Island Building Products Dist Inc.," the motion is specific to Wise Guys and appears to have been filed by Wise Guys. (Doc. 59). In their brief in support of their motion, Wise Guys specifically states that "Plaintiff alleges that Defendants Staten Island Building Products Dist. Inc (not Wise Guys) infringed on Plaintiff's patent. . ." (parenthetical statement included) (Doc. 60, at 6). Accordingly, this Court will review the motion on behalf of Wise Guys, not Staten Island Building Products Dist. Inc. (Doc. 59; Doc. 60).

2

complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions…'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1429-30 (3d Cir. 1997)). The court also need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

B. LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. P. 12(B)(2)

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). When raised as a jurisdictional defense, the plaintiff bears the burden of establishing the Court's personal jurisdiction over the moving defendant. *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (citing *Gen. Elec. Co. v. Deutz AG,* 270 F.3d 144, 150 (3d Cir. 2001)). Without holding an evidentiary hearing, the plaintiff meets this burden by establishing a *prima facie* case of personal jurisdiction, or "by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n.*, 819 F.2d 434 (3d Cir. 1987)); *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). "[I]n reviewing a motion to dismiss under Rule 12(b)(2), [the Court] 'must accept all of the plaintiff's allegations as true and construe disputed

facts in favor of the plaintiff.'" *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 368 (3d Cir. 2002) (citing *Carteret Sav. Bank, FA v. Shushan,* 954 F.2d 141, 142 n. 1 (3d Cir. 1992)). "Once these allegations are contradicted by an opposing affidavit, however, [the] plaintiff must present similar evidence in support of personal jurisdiction." *In re Chocolate Confectionary Antitrust Litig.*, 674 F. Supp. 2d 580, 595 (M.D. Pa. 2009). Indeed, the plaintiff will not be able to rely on the bare pleadings alone, and "must respond with actual proofs, not mere allegations." *In re Chocolate Confectionary Antitrust Litig.*, 674 F. Supp. 2d at 595; *Patterson ex rel. Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990) (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n. 9 (3d Cir. 1984)).

Courts may look beyond the pleadings when ruling on a motion brought under Rule 12(b)(2). *In re Chocolate Confectionary Antitrust Litig.*, 674 F. Supp. 2d at 595. "A Rule 12(b)(2) motion ... is inherently a matter which requires resolution of factual issues outside the pleadings." *Patterson*, 893 F.2d at 603 (quoting *Time Share Vacation Club*, 735 F.2d at 67 n. 9). Thus, "[c]onsideration of affidavits submitted by the parties is appropriate and, typically, necessary." *In re Chocolate Confectionary Antitrust Litig.*, 674 F. Supp. 2d at 595. Further, "the ultimate burden remains on the plaintiff to demonstrate the existence of jurisdiction by a preponderance of the evidence." *LaSala v. Marfin Popular Bank Pub. Co., Ltd.*, 410 F. App'x 474, 476 (3d Cir. 2011).

III. **Discussion**

  A. **Hanover Has Sufficiently Stated a Claim for Patent Infringement Under Rule 12(b)(6)**

Wise Guys argues Hanover has failed to "plead any substantive allegations against Wise Guys, let alone allegations sufficient to state a plausible claim." (Doc. 60, at 9). Wise

5

Guys continues that Hanover "only specifically mentions Wise Guys in four out of the thirty-nine paragraphs of the Complaint, and merely provides conclusory background information about Wise Guys" and that "[i]t is unclear why [Hanover] even bothered to amend the Complaint to add Wise Guys." (Doc. 60, at 10). Hanover opposes these contentions, responding:

> In the Amended Complaint, Hanover has clearly identified the patent it owns (¶ 13), the infringing product (¶ 16), that Wise Guys sells the infringing product (¶ 17), and that Wise Guys was notified of the infringement yet continues its unlawful behavior (¶¶ 29-30). It is unclear what more information Wise Guys believes is necessary to know the claim asserted against it. The claim is for patent infringement, and all details have been obviously stated and a plain and concise manner.
>
> (Doc. 62, at 4).

Patent infringement occurs when a defendant makes, uses, advertises to sell, or sells a patented invention without authority during the term of the patent. *See* 35 U.S.C. § 271(a). The Federal Circuit has outlined the five elements required in any patent infringement pleading: (1) alleged ownership of the patent; (2) the name of each defendant, (3) citations to the patent that is allegedly infringed, (4) allegations of the means by which the defendant allegedly infringes, and (5) indications to the sections of the patent law invoked. *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013); *see also Aquapaw Brands LLC v. Tiktoks,* No. 2:21-CV-00696-CCW, 2022 WL 3019806, at *4 (W.D. Pa. July 29, 2022). A plaintiff bringing an infringement claim does not need to prove any of these elements at the pleading stage. *See Nalco Co. v. Chem-Mod*, LLC, 883 F.3d 1337, 1350 (Fed. Cir. 2018). While "specific facts are not necessary," the plaintiff's complaint must put the alleged infringer "on notice of what activity or device is being accused of infringement." *Disc Disease Solutions Inc. v. VGH Solutions*, Inc., 888 F.3d 1256 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S.

89, 93 (2007)); *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1285 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)); *see also Hanover Prest-Paving Co. v. Tile Tech, Inc.*, No. 1:21-CV-806, 2022 WL 1493568, at *2-3 (M.D. Pa. May 11, 2022). "The Federal Circuit has held that a plaintiff provides sufficient notice of a patent infringement claim involving simple technology by (1) attaching the asserted patents to the complaint, (2) identifying the allegedly infringing devices, and (3) alleging the devices meet 'each and every element of at least one claim.'" *Tile Tech, Inc.*, 2022 WL 1493568, at *3 (quoting *Disc Disease Sols. Inc. v. VGH Sols.*, Inc., 888 F.3d 1256, 1260 (Fed. Cir. 2018); *see also Air Dynamics*, 2020 WL 6544966, at *6. Other than that, "very little is required in order to plead a claim of patent infringement." *F2VS Techs., LLC v. Ruckus Wireless, Inc.*, No. CV 17-756, 2018 WL 10048288, at *1 (D. Del. July 31, 2018); *see also Air Dynamics Indus. Sys., Inc. v. Lehman*, No. 1:19-CV-2073, 2020 WL 6544966, at *5 (M.D. Pa. Nov. 6, 2020) ("The complaint need only put the potential infringer ... on notice of what activity ... is being accused of infringement." (internal citations omitted)).

In this case, Hanover meets all the elements of a patent infringement claim. First, Hanover alleges ownership of the patent, going so far as to attach the patent as an exhibit to its amended complaint. (Doc. 52-1); *see Bed Bath & Beyond, Inc.*, 705 F.3d at 1362. Second, Hanover identifies each Defendant, including Wise Guys. (Doc. 52, ¶¶ 6, 17, 29); *see Bed Bath & Beyond, Inc.*, 705 F.3d at 1362. Third, Hanover cites to the Hanover Patent, alleging the Infringing Product meets every element of Claims 1, 8, 9, and 12. (Doc. 52, ¶¶ 21, 23, 25, 27); *see Bed Bath & Beyond, Inc.*, 705 F.3d at 1362. Fourth, Hanover alleges that Wise Guys is liable for patent infringement by buying and selling the Infringing Product, despite being notified of the alleged patent infringement. (Doc. 52, ¶¶ 17, 28, 30); *see Bed Bath & Beyond, Inc.*, 705 F.3d

at 1362. Fifth, in doing so, Hanover alleges Wise Guys violated 35 U.S.C.A. § 271(a), an identified area of patent law. *See Bed Bath & Beyond, Inc.*, 705 F.3d at 1362. Accordingly, Hanover has sufficiently established a claim for patent infringement.

Further, Hanover's amended complaint sufficiently puts Wise Guys on notice of the claims against them. First, Hanover attached the relevant patent to its amended complaint. (Doc. 52-1); *see Disc Disease*, 888 F.3d at 1260. Second, Hanover clearly identified the infringing products to be the Paver Pedestal HT and Paver Pedestal LT, both paver pedestal systems manufactured by Matrix Pedestals. (Doc. 52, ¶ 16); *see Disc Disease*, 888 F.3d at 1260. Hanover also attached photos of the Infringing Product to its amended complaint. (Doc. 52, ¶¶ 13, 20-27; Doc. 52-1; Doc. 52-2); *see Tile Tech, Inc.*, 2022 WL 1493568, at *3. Finally, Hanover alleges that the devices meet "each and every element" of Claims 1, 8, 9, and 12 of the Hanover Patent. (Doc. 52, ¶¶ 21, 23, 25, 27); *Disc Disease*, 888 F.3d at 1260. Accordingly, Wise Guys' motion to dismiss will not be granted pursuant to Rule 12(b)(6).

B. HANOVER HAS NOT ESTABLISHED THIS COURT HAS PERSONAL JURISDICTION OVER WISE GUYS

Wise Guys argues that because they do not conduct any relevant business in Pennsylvania, the Court does not have personal jurisdiction over it. (Doc. 60, at 14). Additionally, that Hanover has failed to support its "conclusory allegations" with evidence. (Doc. 63, at 5). Hanover avers that while Wise Guys is not subject to general personal jurisdiction in Pennsylvania, it is subject to specific personal jurisdiction. (Doc. 62, at 7). According to Hanover:

> This Court has jurisdiction over the Wise Guys because 1) The Pennsylvania long-arm statute allows Pennsylvania to exercise personal jurisdiction over it; 2) the instant action arises from Wise Guy's harmful conduct occurring in the

Commonwealth of Pennsylvania; and 3) the imposition of personal jurisdiction on Wise Guys would be fair and reasonable.

(Doc. 62, at 8).

A Federal Court may exercise personal jurisdiction over a non-resident defendant to the extent permissible under the laws of the state in which the court sits. *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992) (citation omitted). The forum state in this instance is Pennsylvania, and the applicable long arm statute is codified at 42 Pa. Stat. and Cons. Stat. Ann. § 5322(b). This statute permits courts in Pennsylvania to exercise jurisdiction "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. Stat. and Cons. Stat. Ann. § 5322(b). Thus, this Court may properly exercise jurisdiction over Wise Guys so long as it does not violate their due process rights. *See Mellon Bank*, 960 F.2d at 1221.

With respect to this constitutional inquiry, the "Due Process Clause of the Fourteenth Amendment requires that nonresident defendants have 'certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 299-300 (3d Cir. 2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Having minimum contacts with another state provides 'fair warning' to a defendant that he or she may be subject to suit in that state." *Kehm Oil*, 537 F.3d at 299-300 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). As such, personal jurisdiction under the Due Process Clause depends upon "the relationship among the defendant[s], the forum, and the litigation." *Shaffer v. Heitner,* 433 U.S. 186, 204 (1977).

There are two types of personal jurisdiction over non-resident defendants—general jurisdiction and specific jurisdiction. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). General jurisdiction may be asserted when a non-resident defendant has maintained "systematic and continuous contacts with the forum state." *Marten v. Godwin,* 499 F.3d 290, 296 (3d Cir. 2007) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–15 (1984)); *see also Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) ("A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so "continuous and systematic" as to render them essentially at home in the forum State.") (citing *International Shoe*, 326 U.S. at 317). When subject to the general jurisdiction of a state, "that [defendant] can be called to answer any claim against [it], regardless of whether the subject matter of the cause of action has any connection to the forum." *Mellon Bank*, 960 F.2d at 1221. Thus, general jurisdiction requires that the defendant's contacts with the forum state are "of the sort that approximate physical presence." *William Rosenstein & Sons Co. v. BBI Produce, Inc.*, 123 F. Supp. 2d 268, 274 (M.D. Pa. 2000) (quoting *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), *holding modified by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006)).

"Specific jurisdiction exists when the claim arises from or relates to [the defendant's] conduct purposely directed at the forum state." *Marten*, 499 F.3d at 296 (citing *Helicopteros*, 466 U.S. at 414–15 n.9). To determine whether it has specific jurisdiction over a defendant, the Court must engage in a three-part inquiry. *O'Connor*, 496 F.3d at 317. First, the Court must consider whether the defendants "purposefully directed [their] activities" at the forum state. *O'Connor*, 496 F.3d at 317 (quoting *Burger King*, 471 U.S. at 472). Second, "the

10

litigation must 'arise out of or relate to' at least one of those activities." *O'Connor*, 496 F.3d at 317 (quoting *Helicopteros,* 466 U.S. at 414). Third, if the prior requirements are met, "[the Court] may consider additional factors to ensure that exercising jurisdiction would be consistent with notions of '"fair play and substantial justice."' *O'Connor*, 496 F.3d at 317 (quoting *Burger King*, 471 U.S. at 476).

In this case, the parties agree that Wise Guys is not subject to general jurisdiction in Pennsylvania. (Doc. 60, at 11-12; Doc. 62, at 7 n.2). Therefore, for this Court to determine it has personal jurisdiction over Wise Guys, Hanover must establish specific jurisdiction. Accordingly, Hanover must provide that Wise Guys "purposely directed its activities toward residents of [Pennsylvania], and that the [Hanover's] claim arises from, or relates to, those activities[.]" *Vermont Juv. Furniture Mfg., Inc. v. Factory Direct Wholesale, Inc.*, 317 F.R.D. 16, 19 (E.D. Pa. 2016); *see also Radio Systems Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011). "[T]he ultimate burden remains on [Hanover] to demonstrate the existence of jurisdiction by a preponderance of the evidence." *LaSala v. Marfin Popular Bank Pub. Co., Ltd.*, 410 F. App'x 474, 476 (3d Cir. 2011). To support their argument that Wise Guys purposely directed its activities at Pennsylvania, Hanover "must respond with actual proofs, not mere allegations." *In re Chocolate Confectionary Antitrust Litig.*, 674 F. Supp. 2d at 595. Here, they have failed to do so.

Not only is Hanover's amended complaint devoid of a specific references to business conducted by Wise Guys in Pennsylvania, but Hanover also has failed to provide evidentiary

11

support for its conclusory allegations that Wise Guys transacts business in Pennsylvania.[2] (Doc. 52); see *Rivera v. Bally's Park Place, Inc.*, 798 F. Supp. 2d 611, 616 (E.D. Pa. 2011) (finding no personal jurisdiction where the plaintiff failed to present evidence or "actual proofs" to support his allegation that the defendant conducted business in Pennsylvania). Without Hanover meeting its burden to provide the Court with "actual proofs" of its jurisdictional averments, it cannot be said that Wise Guys "purposefully directed [its] activities" at Pennsylvania or the State's residents. *O'Connor*, 496 F.3d at 317. Because Hanover has failed to satisfy prong one of the specific jurisdiction analysis as it relates to Wise Guys, the instant motion to dismiss must be **GRANTED** for lack of personal jurisdiction. See *Rehman v. Etihad Airways,* No. 3:19-CV-00653, 2019 WL 12095414 (M.D. Pa. Nov. 14, 2019), *report and recommendation adopted,* No. CV 3:19-653, 2021 WL 780302, at *9 (M.D. Pa. Mar. 1, 2021) (finding no specific personal jurisdiction where there was no evidence defendants purposefully availed themselves of conducting activity in the forum state); see also *D.J. v. Univ. of Iowa Hosps. & Clinics*, No. CV 2:22-752, 2023 WL 6392515, at *3 (W.D. Pa. Sept. 30, 2023) (finding no personal jurisdiction where plaintiffs failed to provide evidence that defendant conducted its activities at Pennsylvania).

IV.  **TRANSFER OF VENUE**

Although it is apparent that Hanover has failed to satisfy its burden of proving Wise Guys is subject to personal jurisdiction in Pennsylvania, the Court nonetheless considers *sua*

---

[2] In its amended complaint, Hanover only alleges "Defendants purposefully availed themselves to the privilege of conduction business in the Commonwealth of Pennsylvania, and it is its advertising and sale of products in Pennsylvania that gives rise to this action, in part." (Doc. 52, ¶ 9).

*sponte*[3] whether transferring the instant action to another forum is a proper alternative to dismissal. "[A] a district court that lacks personal jurisdiction must at least consider a transfer." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). "It is longstanding policy in the Third Circuit to transfer cases to a proper forum when personal jurisdiction is in doubt." *Boomer Dev., LLC v. Nat'l Ass'n of Home Builders of the United States*, No. 1:16-CV-1414, 2016 WL 6563673, at *5 (M.D. Pa. Nov. 4, 2016). In this situation, courts within this Circuit have evaluated the propriety of transfer under both U.S.C. § 1406(a) and 28 U.S.C. § 1631.[4] *Prominent GmbH v. Prominent Sys., Inc.*, No. 2:16-CV-01609, 2017 WL

---

[3] Hanover has failed to move for transfer of venue when Wise Guys raised lack of personal jurisdiction. However, the Court may address the appropriateness of transfer under 28 U.S.C. § 1631 *sua sponte*. *See Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 218 n. 9 (3d Cir. 2002). Further, although a plaintiff's choice of forum should not be lightly disturbed, where "the Court rules that it does not have personal jurisdiction, it is of little relevance." *Molnlycke Health Care AB v. Dumex Med. Surgical Prod. Ltd.*, 64 F. Supp. 2d 448, 455 (E.D. Pa. 1999).

[4] Courts within this Circuit are divided as to whether 28 U.S.C. § 1406(a) or 28 U.S.C. § 1631 properly permits transfer to remedy a lack of personal jurisdiction. *See Belt v. Fed. Bureau of Prisons*, No. CV1713582RBKAMD, 2018 WL 4404707, at *3 n.1 (D.N.J. Sept. 17, 2018) ("[B]ecause courts are divided as to whether [§ 1631] permits transfer to cure a lack of personal jurisdiction, this Court determines that the appropriate statue for effectuating a possible transfer in this case — where personal jurisdiction is lacking — is § 1406(a)."); *Rodriguez v. City of Philadelphia*, No. CV 14-4435, 2018 WL 3036283, at *5 (E.D. Pa. June 18, 2018) ("'[T]he better view is that Section 1631 is limited to subject matter jurisdiction defects and does not address problems with personal jurisdiction or venue'...") (citing 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3842 (4th ed. 2015)); *Blackstone v. Ortiz*, No. CV168600RBKJS, 2018 WL 2148846, at *4 (D.N.J. May 9, 2018) (same); *accord*. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466–67 (1962) (holding that a lack of personal jurisdiction may be remedied by transfer pursuant to § 1406(a)); *Lafferty v. St. Riel*, 495 F.3d 72, 83 (3d Cir. 2007), *as amended* (July 19, 2007), *as amended* (Nov. 23, 2007) (noting "*Goldlawr* clarified that courts may use § 1406(a) to transfer cases involving defendants over whom they lack personal jurisdiction"); *but see Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 224 (3d Cir. 2016) (noting that, when a district court finds that personal jurisdiction is lacking, the applicable transfer provision "is arguably not 28 U.S.C. § 1406(a), but rather 2 U.S.C. § 1631, , which governs transfer when there is 'a want of jurisdiction.'"); *Boomer Dev., LLC v. Nat'l Ass'n of Home Builders of the United States*, No. 1:16-CV-1414, 2016 WL 6563673, at *5 (M.D.

13

1316362, at *19-20 (W.D. Pa. Apr. 10, 2017). Generally, to effect transfer instead of dismissal, these statutes require: (1) the existence of an alternative forum in which the action could have been brought at the time of filing; and (2) that transferring the action be in the interest of justice. *See* 28 U.S.C. § 1406(a); 28 U.S.C. § 1631; *see also Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 224 (3d Cir. 2016) (noting that the statutory directive of § 1406(a) and § 1631 is the same). The Court's decision to effect transfer under 28 U.S.C. § 1406 or § 1631 is largely discretionary. *See Doe v. Chiquita Brands Int'l, Inc.*, No. CV 07-3406 (JMV), 2018 WL 497322, at *2 (D.N.J. Jan. 19, 2018); *see also Junge Wheeling Island Gaming, Inc.,* No. CIV.A. 10-1033, 2010 WL 4537052, at *7 (W.D. Pa. Nov. 2, 2010) ("Neither of the parties has requested [transfer under § 1631], but we conclude it is within our discretion to do so even in the absence of such a request.") (citing *Chicosky Presbyterian Medical Center*, 979 F. Supp. 316, 320–323 (D.N.J. 1997); *Decker v. Dyson*, 165 F. App'x 951, 954 (3d Cir. 2006) ("A district court has "broad discretion in deciding whether to order a transfer [pursuant 28 U.S.C. § 1406(a)].").

Upon consideration of the above, the Court finds that transfer to another district would not be in the interest of justice at this time. First, neither party in this case raised transfer as an equitable alternative to dismissal. *See Decker*, 165 F. App'x at 954 (finding no abuse of discretion when the district court declined to transfer the action under § 1406, as the plaintiffs did not move for transfer, or otherwise provide any reasons why transfer would be in the

---

Pa. Nov. 4, 2016) ("If a court lacks personal jurisdiction, it may enact transfer under § 1631 to avoid such damaging technicalities."); *accord. D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 110 (3d Cir. 2009) (remanding case when the district court dismissed an action for lack of personal jurisdiction without considering the propriety of transfer pursuant to § 1631). However, the statutory directive of § 1406(a) and § 1631 is essentially the same, *Chavez,* 836 F.3d at 224*,* and, under either provision, "the transferee court still must have personal jurisdiction over the defendant. *Belt,* 2018 WL 4404707, at *3.

14

interest of justice). Notably, Hanover has not argued that it would prefer to assert its claim against Wise Guys in an alternative forum rather than be faced with dismissal. The Court acknowledges that, in instances where the court does have jurisdiction, plaintiffs have some level of autonomy to choose where to pursue their claims. *Carson Saleskit Software Corp.,* No. CIV. A. 94-3731, 1994 WL 702903, at *2 n.4 (E.D. Pa. Dec. 13, 1994) (respecting plaintiff's autonomy to choose where to pursue his claims and declining to transfer action to another district in place of dismissal for lack of personal jurisdiction). However, to maintain their chosen district, a plaintiff must provide that the court has jurisdiction. While Hanover has failed to make the requisite showing here, the Court will afford it another opportunity by providing leave to amend, discussed *infra*.

Second, "a court is authorized to consider the consequences of transfer before deciding whether to transfer; that is implicit in the statute's grant of authority to make such a decision, and implies in turn that the court can take a peek at the merits, since whether or not the suit has any possible merit bears *significantly* on whether the court should transfer or dismiss it." *Phillips v. Seiter,* 173 F.3d 609, 610-11 (7th Cir. 1999) (emphasis added) (citing *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818 (1988)). The consequence of a transfer at this juncture would be severance of an action where a better remedy is likely a curative amendment. While Hanover brings the same claim for patent infringement against all Defendants, Wise Guys is the only party to challenge the Court's jurisdiction. To transfer Hanover's claim against Wise Guys to another court would thus require the Court to chop up

this litigation, as there appears to be no other district court that is proper for all Defendants.[5] *See Loeb v. Bank of Am.*, 254 F. Supp. 2d 581, 589 n.14 (E.D. Pa. 2003) ("One option is to transfer the entire case to another district that is proper for all defendants. . . The other option is to sever the claims, retaining jurisdiction over one defendant and transferring the case as to the other defendant to an appropriate district."); *see also In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 819 (3d Cir.1982). While the Court does have authority to sever the Wise Guys claim, the Third Circuit has instructed that the court "should not sever if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places." *Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 33–34 (3d Cir. 1993) (internal quotations and citations omitted). Here, severance would undoubtedly require the same claim to be litigated in two different court systems.[6] Accordingly, as will be discussed *infra*, the Court will grant Hanover leave to file an amended complaint containing specific factual assertions to support their contention that this Court has personal jurisdiction over Wise Guys.

Considering the parties' failure to raise transfer as an alternative solution to the instant motion to dismiss and the imposition severance would have at this time, the Court declines to exercise its discretion to transfer the action *sua sponte*. *See Mohler v. Golden 1 Credit Union,*

---

[5] Whereas both Staten Island Building Dist. Inc., and Wise Guys are alleged to be New York companies with their principal places of business in Staten Island, NY, Plastic Forward LLC is a Uzbecki company with a principal place of business at Andizhan Area Uzbekistan. (Doc. 51, at 2).

[6] This is especially true considering Hanover's argument that "Defendant Staten and Wise Guys use the same personal residence as a business address and have retained the same counsel in this action, there is likely common ownership." (Doc. 62, at 7-8).

No. 4:17-CV-02261, 2018 WL 7075296, at *6 (M.D. Pa. Dec. 17, 2018), *report and recommendation adopted*, No. 4:17-CV-2261, 2019 WL 247396 (M.D. Pa. Jan. 17, 2019) (declining to transfer an action *sua sponte* where the parties never raised transfer as an equitable alternative); *cf. United Prod. Corp. v. Admiral Tool & Mfg. Co.*, 122 F. Supp. 2d 560, 563 (E.D. Pa. 2000) (denying a motion to sever because defendants' claims were "intertwined" and a partial transfer would require the same issues to be litigated in two places.")

V.      **LEAVE TO AMEND**

The Third Circuit Court of Appeals requires district courts to grant leave to amend when a curative amendment is conceivable. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). Leave to amend must be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Here, while Hanover has already filed an amended complaint, a curative amendment is conceivable as to the issue of personal jurisdiction over Wise Guys. The Court finds it cannot sustain specific personal jurisdiction over Wise Guys at this time because Hanover failed to support its conclusory allegations with specific averments and the "actual proof" required to establish jurisdiction. Accordingly, the Court grants Hanover leave to amend for the narrow purpose of providing sufficient facts for the Court to find it can exercise personal jurisdiction over Wise Guys. *See Thomas v. Ramirez*, No. 1:19-CV-00547, 2019 WL 13280178, at *10 (M.D. Pa. Nov. 13, 2019), *report and recommendation adopted*, No. 1:19-CV-00547, 2020 WL 13669036 (M.D. Pa. Jan. 31, 2020) (granting leave to amend after finding that the court lacked jurisdiction, stating, "any amended complaint that [Plaintiff] files should allege sufficient facts for the court to find that it can exercise personal jurisdiction over [Defendant]").

## VI. CONCLUSION

Based on the forgoing Wise Guys' motion to dismiss is **GRANTED** for lack of personal jurisdiction. (Doc. 59). Hanover's claim against Wise Guys is to be **DISMISSED WITHOUT PREJUDICE**. Hanover will be provided leave to file an amended complaint within no later than 21 days from the date of this Memorandum, on or before May 21, 2024.

An appropriate Order follows.

Dated: April 30, 2024                               *s/ Karoline Mehalchick*
                                                    **KAROLINE MEHALCHICK**
                                                    **United States District Judge**