UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

HANOVER PREST-PAVING CO.,

    Plaintiff,

v.

STATEN ISLAND BUILDING
PRODUCTS DIST. INC., et al.,

    Defendants.

CIVIL ACTION NO. 1:21-CV-01672

(MEHALCHICK, J.)

## **MEMORANDUM**

Pending before the Court are a motion for a permanent injunction[1] and motion for default judgment filed pursuant to Fed. R. Civ. P. 55 filed by Plaintiff Hanover Prest-Paving Company's, trading as Hanover Architectural Products, ("Hanover"), against Defendant Plastic Forward LLC ("Plastic Forward"). (Doc. 86; Doc. 91). On September 26, 2021, Hanover initiated this action by filing a complaint. (Doc. 1). On June 10, 2024, Hanover filed the operative second amended complaint against Defendant Staten Island Building Products Distributors Inc. ("Staten Island") and Plastic Forward (collectively, "Defendants") seeking injunctive relief to prevent Defendants from infringing on Hanover's patent. (Doc. 75). For the following reasons, the motion for a permanent injunction and motion for default judgment are **GRANTED**. (Doc. 86; Doc. 91).

---

[1] Hanover's motion for a permanent injunction is dependent on this court entering default judgment. (Doc. 87, at 3-4). The brief in support of its motion for default judgement incorporates the same arguments used in its brief in support of its motion for a permanent injunction. (Doc. 87, at 4-7; Doc. 92, at 8-10). Accordingly, the Court will address these motions together under the default judgment standard.

I. **BACKGROUND AND PROCEDURAL HISTORY**

The following factual summary is taken from the second amended complaint and for the purposes of the instant motion, is taken as true. (Doc. 75). Hanover manufactures concrete unit paving products and has designed and developed "a unique paver pedestal assembly system that allows paving products to be stacked." (Doc. 75, ¶¶ 11-12). Hanover patented this pedestal assembly system under U.S. Patent No. 7,386,955/7,386,955 C1 (the "Patent"). (Doc. 75, ¶ 12). Defendants began to manufacture and sell a similar paver pedestal system (the "Infringing Product"), which Hanover alleges infringes on the Patent. (Doc. 75, ¶ 8, 15-16). Plastic Forward, an Uzbekistan-based company, manufactures the Infringing Product and has advertised and sold it in Pennsylvania. (Doc. 75, ¶¶ 8, 16). Plastic Forward has been aware of the Patent since at least March 2022, when Hanover's counsel sent Plastic Forward a correspondence specifically identifying the Patent and the Infringing Product. (Doc. 75, ¶ 27). Despite this, Plastic Forward continues to produce and market the Infringing Product. (Doc. 75, ¶¶ 30-31).

On September 28, 2021, Hanover initiated this action by filing a complaint which only named Staten Island. (Doc. 1). On February 10, 2023, Hanover filed an amended complaint which added Plastic Forward and Wise Guys Distributors, Inc. ("Wise Guys") as additional defendants (Doc. 52). Plastic Forward was personally served with summons and the amended complaint on October 21, 2023, in Uzbekistan. (Doc. 81). This Court dismissed Wise Guys from this action on April 30, 2024, for lack of personal jurisdiction and Hanover filed the operative second amended complaint on June 10, 2024. (Doc. 72; Doc. 75). Staten Island was terminated from this action on December 11, 2024, after reaching a settlement agreement with Hanover. (Doc. 82; Doc. 83). Accordingly, Plastic Forward is the only Defendant remaining in this case. The Court entered default against Plastic Forward on February 3,

2025. (Doc. 88). On January 30, 2025, Hanover filed a motion for permanent injunction against Plastic Forward along with a brief in support. (Doc. 86; Doc. 87). On February 25, 2025, Hanover filed a motion for default judgement against Plastic Forward along with a brief in support. (Doc. 91; Doc. 92). To date, no counsel has entered an appearance on the Plastic Forward's behalf and Plastic Forward has not filed any documents with the Court in connection with this case.

## II.     LEGAL STANDARD

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). *See 10A Charles Alan Wright & Arthur R. Miller*, Federal Practice and Procedure § 2682 (3d ed. 2007) (noting that, "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Once the Clerk of Court has entered a default, the party seeking the default may then move the court to enter a default judgment under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Indeed, it is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (*citing United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195

(3d Cir. 1984)). Even so, a court may "enter a default judgment based solely on the fact that the default occurred" without considering the Chamberlain factors if the defendant has been properly served but fails to appear, plead, or defend an action. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

"A finding that default judgment is appropriate, however, is not the end of the inquiry." *Martin v. Nat'l Check Recovery Servs., LLC*, No. 1:12-cv-01230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016). Prior to entering a default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." *See Wright et al., at § 2688; see also Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) (stating that, "before granting a default judgment, the Court must ... ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law'" (citations omitted)). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint ... are accepted as true and treated as though they were established by proof." *See E. Elec. Corp. of N.J. v. Shoemaker Const. Co.*, 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). While the Court must accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's factual allegations or legal conclusions relating to the amount of damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

### III.  DISCUSSION

Hanover moves for both default judgment and for a permanent injunction against Plastic Forward. (Doc. 86; Doc. 91). The Court will first address the Court's jurisdiction over this matter. The Court will then access whether default judgment is warranted. Finally, the Court will turn to whether Hanover is entitled to injunctive relief.

A. THE COURT HAS JURISDICTION

4

Although Plastic Forward has failed to make any appearance or challenge jurisdiction, "when a default judgment is requested, a court is required to make a threshold determination regarding any jurisdictional defects." See Allaham v. Naddaf, 635 F. App'x 32, 36 (3d Cir. 2015) (nonprecedential). The Court finds the second amended complaint properly alleges subject matter jurisdiction and personal jurisdiction over Plastic Forward.

Regarding subject matter jurisdiction, Hanover brings this suit pursuant to federal patent law. (Doc. 75). Accordingly, this case arises under the laws of the United States and this Court has original subject matter jurisdiction pursuant to 28 U.S.C.A. § 1331. The Court also has personal jurisdiction over Plastic Forward. A federal court may exercise jurisdiction over a foreign defendant if doing so is permitted under the forum state's long-arm statute and does not violate due process. See Daimler AG v. Bauman, 571 U.S. 117, 125 (2014). The Pennsylvania long-arm statute allows jurisdiction "based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. Stat. and Cons. Stat. Ann. § 5322. Accordingly, the Court need only assess "limits imposed by federal due process." Daimler AG, 571 U.S. at 125.

A court may constitutionally exercise personal jurisdiction if it has either specific or general jurisdiction.[2] Grober v. Mako Prods., Inc., 686 F.3d 1335, 1345 (Fed. Cir. 2012). Plaintiff only asserts specific jurisdiction. (Doc. 92, at 6). "The Federal Circuit applies a three-

---

[2] The law of the Federal Circuit applies to personal jurisdiction determinations in patent cases. See Avocent Huntsville Corp. v. Aten Int'l Co., 552 F.3d 1324, 1328 (Fed. Cir. 2008) (stating "we apply Federal Circuit law because the jurisdictional issue is 'intimately involved with the substance of the patent laws'" (quoting Akro Corp. v. Luker, 45 F.3d 1541, 1543 (Fed. Cir. 1995))); see also Davlyn Mfg. Co. v. H&M Auto Parts, Inc., 414 F. Supp. 2d 523, 527 (E.D. Pa. 2005) (stating "[q]uestions of personal jurisdiction in patent actions are governed by Federal Circuit law, rather than that of the regional circuit in which the actions arise").

prong test to determine if specific jurisdiction exists: (1) whether the defendant purposefully directed activities at residents of the forum; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1231 (Fed. Cir. 2010). If the first two factors are met, the defendant must show unreasonableness to defeat personal jurisdiction. *Nuance Commc'ns, Inc.*, 626 F.3d at 1231.

Here, Hanover alleges that Plastic Forward advertised and sold the Infringing Product in Pennsylvania.[3] (Doc. 75, ¶ 8, 16). Hanover has therefore purposefully directed activities to the residents of Pennsylvania. *See Nuance Commc'ns, Inc.*, 626 F.3d at 1234 (finding a Russian corporation directed activities to the residents of California by "purposefully ship[ing] the [patent infringing] products into California through an established distribution channel, with the expectation that copies of those products will be sold in California"); *see also 2109971 Ontario Inc. v. Matrix Hosp. Furniture Inc.*, No. CV2111412KMCLW, 2022 WL 154411, at *2 (D.N.J. Jan. 14, 2022) (finding a Canadian corporation purposefully directed activities into New Jersey by "shipping furniture to the United States and selling from the New Jersey stores"). Further, Plaintiff alleges the sale of the Infringing Product violated the Patent. (Doc.

---

[3] This Court had previously found similar pleadings insufficient to survive Wise Guy's motion to dismiss. (Doc. 71, at 12). Wise Guys filed an affidavit declaring it had never marketed or sold the Infringing Product in Pennsylvania. (Doc. 59-1). Because of this, Plaintiff could not rest solely on its pleadings and had to present "evidence in support of personal jurisdiction." *In re Chocolate Confectionary Antitrust Litig.*, 674 F. Supp. 2d 580, 595 (M.D. Pa. 2009). Here, Plaintiff may rest on its pleadings because "where the plaintiff's factual allegations 'are not directly controverted, [they] are taken as true for purposes of determining jurisdiction.'" *Akro Corp.*, 45 F.3d at 1543 (quoting *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1563 (Fed. Cir. 1994)); *see also Nuance Commc'ns, Inc.*, 626 F.3d at 1231 (stating the same). Because Plastic forward has failed to contest personal jurisdiction, the Court must accept as true that Plastic Forward has advertised and sold the Infringing Product in Pennsylvania. (Doc. 75, ¶ 8, 16).

75, ¶ 34). Therefore, the patent infringement claim arises out of Hanover's activities directed at Pennsylvania. *Nuance Commc'ns, Inc.*, 626 F.3d at 1233. The third factor does not defeat personal jurisdiction because Plastic Forward has not shown unreasonableness. *See Nuance Commc'ns, Inc.*, 626 F.3d at 1231. Accordingly, the Court has both subject matter and personal jurisdiction.

B. DEFAULT JUDGEMENT IS WARRANTED

The Court finds that Hanover is entitled to default judgement. Before granting default judgement, "the Court must 'ascertain whether 'the unchallenged facts constitute a legitimate cause of action'" *Adlife Mktg. & Commc'ns Co. v. Ad Post Graphics Media Mktg., Inc.*, 708 F. Supp. 3d 567, 573 (M.D. Pa. 2023) (quoting *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008)). To state a claim for patent infringement a plaintiff must, "(i) allege ownership of the patent, (ii) name each defendant, (iii) cite the patent that is allegedly infringed, (iv) state the means by which the defendant allegedly infringes, and (v) point to the sections of the patent law invoked."[4] *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013). Here, Hanover has met all five pleading requirements of a patent infringement claim by properly alleging ownership of the Patent; naming Plastic Forward; citing the Patent; stating Plastic Forward is infringing on the patent by manufacturing and selling the Infringing Product; and citing the sections of the patent law invoked. (Doc. 75, ¶¶

---

[4] The law of the Federal Circuit governs substantive issues in patent cases. *See In re Arunachalam*, 812 F.3d 290, 291–92 (3d Cir. 2016) (stating the Federal Circuit "has exclusive jurisdiction over appeals in patent infringement actions"); *see also InterMetro Indus. Corp. v. Capsa Sols., LLC*, 50 F. Supp. 3d 657, 663–64 (M.D. Pa. 2014) (stating "the law of the Federal Circuit and not of our sister district courts that applies 'with respect to issues of substantive patent law and certain procedural issues related to patent law'" (quoting *Invitrogen Corp. v. Biocrest Mfg., L.P.*, 424 F.3d 1374, 1378–79 (Fed.Cir.2005))).

1-2, 5, 8, 12, 16, 18-25; 75-1; 75-2). Accordingly, Plaintiff has adequately pled its patent infringement claim and thereafter supported it through their exhibits. (Doc. 75; Doc. 75-1; Doc. 75-2).

The Court next turns to the *Chamberlain* factors. 210 F.3d at 164. Under *Chamberlain* the Court must consider, "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." 210 F.3d at 164. These factors weigh in favor of entering default judgment against Plastic Forward. First, Hanover will be prejudiced if the Court declines to enter default judgment. This prejudice stems from the fact that Hanover would be unable to otherwise obtain relief or pursue their case due to Plastic Forward's failure to respond. *See Adlife Mktg. & Commc'ns Co.,* 708 F. Supp. 3d at 573 (stating "[a]bsent the default judgment, Plaintiff will be faced with an indefinite, and possibly permanent, delay in the adjudication of the Copyright Infringement claim and is left with no alternative means to vindicate its claim against the defaulting parties"); *see also Aquapaw Brands LLC v. Flopet*, No. 2:21-CV-00988-CCW, 2022 WL 3019804, at *4 (W.D. Pa. July 29, 2022) (finding that denying default judgment would "leave [plaintiff] with no other means to vindicate its [patent infringement] claims").

Second, Defendant does not appear to have a litigable defense. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Here, the court cannot ascertain a litigable defense because Plastic Forward has not "responded to the allegations and, therefore, [has] failed to assert a defense." *Adlife Mktg. & Commc'ns Co.,* 708 F. Supp. 3d at 573; *see also Aquapaw Brands LLC*, 2022 WL 3019804, at *4

8

(stating "because Defendants have not appeared in this case, the Court cannot know what defenses they may have. The Court may therefore presume there are none").

Third, Plastic Forward's delay is due to culpable conduct because it has failed to respond despite being on notice of this action since October 2023. *Adlife Mktg. & Commc'ns Co., Inc.*, 708 F. Supp. 3d at 573 (finding culpability where defaulting defendants were aware of an action for an "extended period"). "In [the] context [of a default] culpable conduct means action taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-124 (3d Cir. 1983). The record reflects that Plastic Forward was personally served with summons and the amended complaint[5] on October 21, 2023. (Doc. 81). Despite this, Plastic Forward has failed to respond to the amended complaint or take any other action since 2023, which "amounts to deliberate and willful conduct." *Adlife Mktg. & Commc'ns Co.*, 708 F. Supp. 3d at 573; *see also Aquapaw Brands LLC*, 2022 WL 3019804, at *4 (stating "[t]he Defendants' acceptance of the Complaint and failure to appear or respond constitutes willful and therefore culpable conduct").

---

[5] Hanover served Plastic Forward with the amended complaint but not the second amended complaint. (Doc. 81). However, under Federal Civil Procedure Rule 5(a)(2), a plaintiff is not required to serve an amended complaint on a party who "is in default for failing to appear" unless the amended complaint "asserts a new claim for relief." Fed. R. Civ. P. 5. Plastic Forward was served with the amended complaint on October 21, 2023, and did not respond or otherwise appear before Hanover filed the second amended complaint on June 10, 2024. (Doc. 75; Doc. 81). The second amended complaint did not assert any additional claims against Plastic Forward. (Doc. 75). Plastic Forward was thus in default for failure to respond to the amended complaint and Hanover was not required to serve Plastic Forward with the second amended complaint. *See Macias v. White,* No. CV 15-3730, 2018 WL 347572, at *1 (E.D. Pa. Jan. 10, 2018) (stating "[f]ollowing service [of the complaint], each of the Defendants failed to appear, plead or otherwise defend in this action. . . although Plaintiff filed an Amended Complaint. . . under Rule 5(a)(2), Plaintiff was not required to serve that complaint on [certain defendants] because Plaintiff did not raise any new claims against those parties").

9

The Court is satisfied that the *Chamberlain* factors weigh in favor of entering default judgment in Plaintiff's favor. 210 F.3d at 164. Accordingly, the Court **GRANTS** Plaintiffs' motion for default judgment. (Doc. 91).

### C. Hanover is Entitled to a Permanent Injunction

Having determined that Hanover is entitled to the entry of default judgment, the Court next evaluates Hanover's motion for a permanent injunction. (Doc. 86). The Court "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the [C]ourt deems reasonable." 35 U.S.C.A. § 283. A plaintiff seeking a permanent injunction based on patent infringement must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391 (2006)

When a plaintiff succeeds on a patent infringement claim, the first factor weighs in favor of granting a permanent injunction because patent infringement generally constitutes an irreparable injury. *See Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1328 (Fed. Cir. 2008) (stating "[t]he essential attribute of a patent grant is that it provides a right to exclude competitors from infringing the patent. In view of that right, infringement may cause a patentee irreparable harm not remediable by a reasonable royalty" (citations omitted)). Likewise, the second factor generally weighs in favor of granting a preliminary injunction because "money damages are generally inadequate to compensate from [patent infringement] injury because they cannot prevent a defendant from continuing to infringe on a patent." *Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1155 (Fed. Cir. 2011). The third factor,

balance of harms, also weighs in favor of a permanent injunction because patent infringement forces a plaintiff "to compete against its own patented invention." *Robert Bosch LLC*, 659 F.3d at 1156; *see also Aquapaw Brands LLC*, 2022 WL 3019804, at *5 (stating "the balance of hardships favors [plaintiff] because Defendants have admitted by their default that they are not legally entitled to produce, sell, or distribute the products"). Finally, the fourth factor weighs in favor of injunctive relief because patent infringement has "the effect of inhibiting innovation and incentive" which is against the public interest. *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1346 (Fed. Cir. 2013); *see also 2109971 Ontario Inc.*, 2022 WL 154411, at *4 (stating "the public interest is enhanced by enforcing patents because they protect inventions and promote innovation").

Here, Plastic Forward has "admitted by their default" that they infringed on the Patent. *Aquapaw Brands LLC*, 2022 WL 3019804, at *5. Hanover has thus suffered irreparable injury. *See Acumed LLC*, 551 F.3d at 1328. Monetary damages cannot adequately compensate for this injury. *Robert Bosch LLC*, 659 F.3d at 1155. The balance of harms weighs in favor of Hanover because Plastic Forward has forced Plaintiff to compete against its own patented invention. *Robert Bosch LLC*, 659 F.3d at 1156. The public interest weighs in favor of the injunction. *Douglas Dynamics, LLC*, 717 F.3d at 1346. Because all four permanent injunction factors weigh in favor of injunctive relief, Hanover's motion for a permanent injunction will be **GRANTED**. (Doc. 86).

IV.    CONCLUSION

For the foregoing reasons, Hanover's motion for permanent injunction (Doc. 86) and motion for default judgment (Doc. 91) are **GRANTED**. Judgment is entered in favor of Hanover. Plastic Forward is hereby permanently enjoined from all acts of infringement upon the Patent including making, using, importing, offering for sale, or advertising the Infringing

Product or any substantially similar paver pedestal assembly system product which infringes upon the Patent. The Clerk of Court shall mark this matter as **CLOSED**.

    An appropriate Order follows.

Dated: June 9, 2025                                          *s/ Karoline Mehalchick*
                                                                        **KAROLINE MEHALCHICK**
                                                                        **United States District Judge**